**IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

CHRIS AMARO,                                          CASE NO.:

      Plaintiff,

v.

RENT-A-CENTER EAST, INC.,
A Foreign Profit Corporation,

      Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHRIS AMARO ("Plaintiff" or "Mr. Amaro"), by and through undersigned counsel, files this Complaint against Defendant, RENT-A-CENTER EAST, INC. ("Defendant" or "RAC"), and states as follows:

## NATURE OF THE SUIT

1.      This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, back wages, front pay, compensatory damages, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff was a non-exempt employee who primarily performed hourly paid Assistant Manager services for Defendant.

3.      Defendant is a Foreign Profit Corporation with locations in among others, Hillsborough County, Florida, and who, at all times relevant, performed work in Hillsborough County, Florida.

1

4.      Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise out under federal law, and occurred in Hillsborough County, Florida.

5.      Plaintiff is seeking in excess of $15,000.00, exclusive of attorneys' fees and costs.

## FLSA COVERAGE

6.      At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7.      At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8.      At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as furniture and office supplies.

11.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without employees like Plaintiff.

## STATEMENT OF FACTS

12.     Plaintiff worked for Defendant as a non-exempt hourly paid employee from April 17, 2018, through October 4, 2019.

2

13.     Throughout Plaintiff's employment Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

14.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

15.     To avoid the payment of overtime to Plaintiff and others, Defendant's management team would edit Plaintiff's time records to eliminate all overtime hours worked.

16.     Defendant's management would also have Plaintiff and others work "off the clock" under the instruction that management did not want to reflect overtime hours being worked.

17.     Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for **all hours** that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

18.     Defendant violated Title 29 U.S.C. §207 in that:

(a)     Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b)     No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c)     Defendant failed to maintain proper time records as mandated by the FLSA.

19.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

20.     Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

21.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

22.     Based on the allegations in Paragraphs 19-21 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

23.     Just prior to Plaintiff's termination, Plaintiff objected to Defendant's failure to pay him overtime compensation, and Defendant's illegal time keeping and pay practices.

24.     Specifically, Plaintiff notified Defendant that Defendant's pay practices were in violation of the FLSA's overtime laws regarding the payment of overtime compensation for non-exempt employees.

25.     In response to Plaintiff's objection, Defendant terminated Plaintiff's employment.

26.     Defendant did not have a legitimate, non-retaliatory reason for Plaintiff's termination.

27.     Defendant's reason for terminating Plaintiff is a pretext.

28.     Plaintiff has suffered damages as a result of Defendant's illegal termination of his employment.

29.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

30.     Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

31.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

32.     Plaintiff was not an exempt employee as defined by the FLSA.

33.     During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

34.     At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

35.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

36.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## COUNT II
### UNLAWFUL RETALIATION IN VIOLATION OF 29 USC 215(A)(3)

37. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-29 of the Complaint as if fully set forth herein.

38. On October 4, 2019, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

39. Defendant terminated Plaintiff solely because Plaintiff objected to Defendant's non-payment of his overtime wages under the FLSA.

40. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-

monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay, liquidated damages, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 3rd day of December 2019.

Respectfully Submitted,

**By: /s/ *NOAH E. STORCH***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Robert D. Pecchio, Esq.
Florida Bar No. 1005955
RICHARD CELLER LEGAL, P.A
10368 W. State Rd.84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: robert@floridaovertimelawyer.com
*Attorney for Plaintiff*